IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH D. JACKSON, § | | |
| TDCJ-CID No. 1730967, § | | |
| Petitioner, § | | |
| § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-2539 |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

This habeas case is before the Court on Respondent William Stephens' ("Respondent") Motion for Summary Judgment [Doc. # 17] ("Summary Judgment Motion"), filed February 25, 2014, seeking dismissal of the Petition for a Writ of Habeas Corpus ("Petition") filed by Petitioner Keith D. Jackson ("Jackson"). Jackson has not responded to the Summary Judgment Motion,[1] but recently filed a "Motion to Strike Respondent's Motion for Summary Judgment" [Doc. # 20] seeking copies of

---

[1] The Court's Local Rules provide that any opposition to a summary judgment motion must be filed within 21 days of the motion. *See* S.D. TEX. R. 7.3, 7.4. Jackson has not responded specifically to the Motion nor requested an extension of time to do so. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.4. Nevertheless, the Court may not grant summary judgment unless the movant demonstrates entitlement to the relief sought.

all the state court records provided to the Court by Respondent.[2] After considering the parties' pleadings, the evidence of record, and the applicable law, the Court **grants** the Respondent's Motion, denies the Motion to Strike, denies Jackson's Petition, and dismisses this case.[3]

## I.  BACKGROUND

On July 22, 2011, a jury in the 208th District Court of Harris County, Texas, found Keith D. Jackson guilty of enhanced aggravated assault with a deadly weapon.

---

[2]  Jackson argues that the Court's Order to Answer requires Respondent to provide him with these copies and failure to do so warrants striking (and denial) of Respondent's Summary Judgment Motion. The Court cannot grant Jackson's request. There are no funds to pay for such copies and Jackson does not present facts which show good cause to compel the State to produce his state court records. *See Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998) (citing *Bracy v. Gramley,* 520 U.S. 899 (1997)). The Constitution does not require the state to provide a habeas petitioner a free copy of his trial transcript for the purpose of searching for possible errors "merely because he is indigent." *Bonner v. Henderson,* 517 F.2d 135, 135 (5th Cir. 1975); *Deem v. Devasto,* 140 F. App'x 574, 575 (5th Cir. 2005) ("[T]here is no constitutional mandate that a habeas petitioner must be provided a free copy of his state habeas trial record.). *See also United States v. Herrera,* 474 F.2d 1049 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent."). An indigent petitioner is only entitled to a free copy if he can establish that it is necessary for a fair adjudication of at least one of his claims. *See Smith v. Beto,* 472 F.2d 164, 165 (5th Cir. 1972) ("[T]he petitioner has not shown that the district court erred in holding that he had not demonstrated a need for the trial transcript in proving a denial of effective counsel."). Jackson has stated no particular reason that for the copies he requests, nor identified any particular evidence or witnesses' testimony that would assist him in meeting the high burden he faces in this proceeding. Therefore, his Motion to Strike [Doc. # 20] is **denied**.

[3]  Also before the Court are Jackson's Motion for Evidentiary Hearing [Doc. # 12] and Motion for Appointment of Counsel [Doc. # 13]. These motions are **denied** as moot.

Jury Trial Proceedings [Doc. # 15-6], at 35. The state alleged that on or about April 17, 2010, Jackson stabbed Carl Beltz ("Beltz") four times. State's Appellate Brief [Doc. # 14-5], at 7. The Fourteenth Court of Appeals described the events as follows:

> Gary Davis and the complainant, Carl Beltz, spent April 17, 2010 on Beltz's front porch, drinking and taking drugs. [Jackson], a regular visitor to the house, joined Davis and Beltz that evening. While all three men drank beer, [Jackson] described a fight he had with a man known as "Gangster." [Jackson] left after 30–45 minutes, but he returned later that night.
>
> When he came back, appellant angrily accused Beltz of telling "Gangster" where to find him and threatened to kill Beltz. [Jackson] punched Beltz in the jaw; Beltz kicked appellant and tried to use a chair to shield himself. [Jackson] removed a small knife from his pocket and stabbed Beltz four times: once in the chest, once in the right arm, once in the jaw (knocking a tooth out), and once in the left leg. [Jackson] left Beltz on the porch, bleeding profusely. . . . Trial testimony indicated that [Jackson] lacerated Beltz's liver and two of his arteries, one in his arm and one near his heart.

Fourteenth Court of Appeals Memorandum Opinion [Doc. # 14-3], at 2. Both Beltz and Jackson (among other witnesses) testified at the trial. *See* Trial Transcript [Doc. # 15-6], at 5 *et seq* (Jackson's testimony); Trial Transcript [Doc. # 15-4], at 19 *et seq.* (Beltz). The jury sentenced Jackson to 40 years imprisonment. *See* Fourteenth Court of Appeals Memorandum Opinion [Doc. # 14-3], at 1.

On direct appeal to the Fourteenth Court of Appeals, Jackson argued that the evidence was "legally insufficient to sustain his conviction because the knife he used was too small to be a deadly weapon." Brief for Appellant [Doc. # 14-4], at 13. The

Court of Appeals rejected this argument and affirmed Jackson's conviction. Judgment of Fourteenth Court of Appeals [Doc. # 14-1].

Jackson petitioned for discretionary review with the Texas Court of Criminal Appeals ("TCCA"). Application For 11.07 Writ of Habeas Corpus [Doc. # 16-6], at 37. The TCCA refused that petition. *Id.* On June 17, 2013, Jackson filed an application for a state writ of habeas corpus, *id.* at 34, which was denied on July 16, 2013, *id.* at 42.

On August 26, 2013, Jackson filed the instant petition [Doc. # 1] arguing insufficiency of evidence on a different factual theory from that presented to the state court. Jackson argues here that there was insufficient evidence to support his conviction because, at the time of the attack, multiple individuals were in the house, but no one present witnessed or heard the attack. *Id.* at 7-11. Jackson contends that "the only logical conclusion" is that "Beltz 'self inflicted' his wounds" because of "hallucinati[ons]" caused by the "consumption of multiple drugs." *Id.*

## II.   LEGAL STANDARD

Generally, motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. However, the respondent's motion for summary judgment must be analyzed in light of federal habeas corpus statutes. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002). All federal habeas corpus proceedings

filed after April 24, 1996 are governed by 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

For claims containing both legal and factual questions, a federal court may not issue a writ of habeas corpus unless the adjudication in state court resulted in a holding that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). A state court's decision is contrary to clearly established federal law if it reaches a legal conclusion that directly conflicts with a prior holding of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000); *see also Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. Tex. 2006). A state court unreasonably applies clearly established federal law if it correctly identifies the governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *see also Nelson*, 472 F.3d at 292.

The Supreme Court recently clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."

*Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (U.S. 2011). All of the state court's findings of fact "are 'presumed to be correct' unless the petitioner rebuts this presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006). Additionally, "all credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Drake*, 398 F.3d 691, 695 (5th Cir. 2005) (quoting *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999)). When a dispute is purely factual, a petitioner is not entitled to relief unless he proves that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008) (quoting 28 U.S.C. § 2254(d)(2)). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable – a substantially higher threshold." *Id.* (citing *Williams*, 529 U.S. at 410).

A central goal of the AEDPA is to limit the "federal [habeas] court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). The AEDPA "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Courts construe pleadings filed by individuals proceeding *pro se* under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by *pro se* litigants are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)). "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III.  ANALYSIS

Here, Jackson alleges that the state court lacked sufficient evidence to support his conviction. *See* Petition for Writ of Habeas Corpus [Doc. # 1], at 7-11. Jackson argues that no one witnessed the alleged attack and that Beltz's wounds were likely self-inflicted. *Id.*[4] A federal habeas court, in assessing an "insufficiency of the

---

[4]  Jackson does not challenge the sufficiency of the proof on the other elements of the
(continued...)

evidence" argument, must determine "whether, after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

Petitioner Jackson has not met his burden to show that no rational trier of fact could have found the essential elements beyond a reasonable doubt, or that the verdict was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Buntion*, 524 F.3d at 670 (quoting 28 U.S.C. § 2254(d)(2)). Jackson asserts in this proceeding a new argument on insufficiency of

---

4 (...continued)
charge against him of aggravated assault. As the Texas Fourteenth Court of Appeals explained:

> To obtain a conviction for aggravated assault, the State must prove, beyond a reasonable doubt, that the accused (1) intentionally, knowingly, or recklessly caused bodily injury to another while using or exhibiting a deadly weapon. *See* Tex. Penal Code Ann. § 22.01(a)(1) (Vernon 2011) (Assault); Tex. Penal Code Ann. § 22.02(a)(2) (Vernon 2011) (Aggravated Assault). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B) (Vernon 2011). Serious bodily injury is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46)(Vernon 2011).

Fourteenth Court of Appeals Memorandum Opinion [Doc. # 14-3], at 3.

the evidence. He contends that Beltz's wounds were self-inflicted because Beltz was severely intoxicated. The jury was not required to adopt Jackson's contention. There was sufficient evidence presented at trial to support the jury's finding of guilt. The victim, Beltz, testified that Jackson stabbed him. *See* Trial Transcript [Doc. # 15-4], *passim*. Jackson testified at trial and denied the accusation. *See, e.g.,* Trial Transcript [Doc. # 15-6], at 11, 16. The evidence adduced on direct and cross of Beltz revealed that he had been using drugs and drinking. *See, e.g.*, Trial Transcript [Doc. # 15-4], at 62; Trial Transcript [Doc. # 15-6], at 8. The jury was responsible to assess the credibility and weight of the evidence given by Beltz and Jackson, as well as the other trial evidence. When the jury reaches a guilty verdict, the Court must resolve all credibility issues and conflicting inferences in favor of the verdict. *See Jackson*, 443 U.S. at 319 (It is the fact-finder's responsibility alone "to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."); *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (citing *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999)).[5] The AEDPA requires

---

[5] When, as in this case, a state appellate court has reviewed the sufficiency of the evidence, that court's opinion is entitled to great weight. *See Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985) (citing *Jackson*, 443 U.S. at 310 n. 15); *see also Duff-Smith v. Collins*, 973 F.2d 1175, 1184 (5th Cir. 1992). As indicated above, the AEDPA presumes the correctness of state court findings of fact. *See* 28 U.S.C. § 2254(e)(1). Here, the state court reviewed the evidence in light of a challenge different from that before this court. The governing AEDPA principles are
(continued...)

the federal habeas court to presume the state court decisions were correct and petitioner has the burden to rebut this presumption by "clear and convincing evidence." *Ramirez*, 398 F.3d at 695 (citing 28 U.S.C. § 2254(e)(1)). This Court on habeas review is not permitted to second-guess the jury. It is plain that Jackson has not met his high burden to show that his conviction was not supported by the evidence.

Jackson's other arguments also are unavailing. The fact that most of the evidence against Jackson was circumstantial does not satisfy his burden on habeas review to show that a rational jury could not have found him guilty of the crime charged. *See Jahanian v. Stephens*, 2014 WL 585396, at *13 (S.D. Tex. Feb. 13, 2014); *see also Jackson*, 433 U.S. at 319. Moreover, while Jackson argues, as a factual matter, that no one present in the home witnessed or heard the attack, "the absence of various links does not constitute evidence of innocence to be weighed against the links present." *Meachum v. Stephens*, 2014 WL 972210, at *12 (S.D. Tex. Mar. 12, 2014) (quoting *Satchell v. State*, 321 S.W.3d 127, 134 (Tex.App.–Houston [1st Dist.] 2010, pet. ref'd)); *see generally Jackson*, 443 U.S. at 319, and other cases cited above. Applying the *Jackson* standard to the facts of this case, a reasonable fact finder could have found Petitioner Jackson guilty beyond a reasonable doubt.

---

⁵ (...continued)
nevertheless the same.

Finally, Jackson asserts that the state violated his right to due process because facts in its brief were "falsified." Jackson's assertions are unfounded. There was extensive evidence that Beltz suffered a stab wound in his chest. *See, e.g.*, Trial Transcript [Doc. # 15-4], at 51 & State's Exh. 7; *id.* at 68. The Fourteenth Court of Appeals' ruling against Jackson on this claim was not contrary to law, nor did it involve an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

Accordingly, Respondent's Motion for Summary Judgment must be granted.

## IV. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is requried before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2),

which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 437, 484 (2000)). Under the controlling standard, a petitioner is required to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner. Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## V.     CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Petitioner Keith D. Jackson's Motion for Evidentiary Hearing [Doc. # 12], Motion for Appointment of Counsel [Doc. # 13], and Motion to Strike [Doc. # 20] are **DENIED**.  It is further

**ORDERED** that Respondent William Stephens' Motion For Summary Judgment [Doc. # 17] is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

A final judgment will be issued separately.

SIGNED at Houston, Texas, this **13th** day of **June, 2014**.

_____
Nancy F. Atlas
United States District Judge